Daniee, Judge.
 

 This is an action of trespass
 
 vi et armis
 
 on
 
 personal property.
 
 The question is, whether the action is limited and barred by the act of 1715, within one year, or three years after the cause of action arose. The legislature, in the
 
 first
 
 branch or part of the fifth section, enumerates the personal actions intended to be limited ; and trespass is one of them. In the
 
 second
 
 part of the same section, the legislature points out what actions shall be brought in three years from the time the cause of action arose; and among those enumerated, there is one species only of the action of trespass particularly mentioned ; it is trespass
 
 quare clausumfregit;
 
 which clearly shows that every other species of the action of trespass
 
 vi et armis
 
 is excluded from the operation of this branch of the section. Then comes the
 
 third
 
 branch of the section, which runs thus; “and the said actions of
 
 trespass,
 
 assault and battery, wounding, imprisonment, or any of them, within
 
 one year
 
 after the cause of such action or'
 
 *114
 
 suit, and not after.” The counsel for the plaintiff contends, that the actions of trespass spoken of in this last branch of the section, means trespass to or upon the
 
 'person only,
 
 and not actions of trespass
 
 on personal property.
 
 The answer to this argument is, that the legislature clearly intended that the action of trespass, as a
 
 genus,
 
 should be limited as to time. This is evident, from the first words of the section, which begins thus, “ all actions of
 
 trespass,
 
 detinue, &c.” Of this action, only one species, namely,
 
 trespass quare clausum fregit,
 
 is comprehended among the actions which are required to be brought within three years. If, therefore, the words, “ said actions of trespass,” mentioned in the last branch of the fifth section, should be construed to relate only to actions of trespass on the
 
 person,
 
 then there would be no limitation of time at all, as to actions of trespass on
 
 personal property;
 
 which construction, we think, would be directly against the intention of the legislature, as declared in the beginning woids of the section. Our act of limitation is different in several respects from the British statute of James I., beside the cutting down of time. We do not perceive that there has been any mistake in the transcribing or printing the act of 1715, as it now stands in the
 
 Rev. Code. Swan
 
 and
 
 Iredell,
 
 in their revisáis of the acts of assembly give us the act of limitations in the same words, and with the same punctuation.
 

 We are of the opinion that the judgment was correct, and must be affirmed.
 

 Per Curiam. Judgment affirmed.
 

 Note. The limitation to actions of trespass on personal property is altered by the revised statutes, and. is put upon the same footing with the limitation to trespasses upon real estate.